Leo THOMAS, Jr.

v.

Carole A. THOMAS.

No. 96–287–Appeal.

Supreme Court of Rhode Island.

April 28, 1997.

John D. Lynch, Warwick.

David J. Strachman, Providence.

**ORDER**

This case came before the court for oral argument April 8, 1997, pursuant to an order that had directed the defendant to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Carole A. Thomas, has appealed from a decision pending entry of final judgment rendered by a judge of the Family Court. The defendant contends that the trial judge was in error in determining that each of the parties was equally responsible for the breakup of the marriage in spite of evidence presented by the defendant of domestic abuse. Our review of the record indicates that there was ample evidence to support the decision of the trial judge, including a determination that the principal cause of turmoil in the home was the conduct of the adult children of the defendant by a prior marriage.

The trial judge's consideration of the report of Dr. Richard J. Gelles was appropri-

ately limited by the fact that this report was based solely upon statements given to Dr. Gelles by the defendant. It was, therefore, not entitled to the weight that the doctor's qualifications would have otherwise merited.

The trial judge after an interview of the minor child of the parties ordered that there be joint custody but that possession of the child would be given to the father. The trial judge gave considerable weight to the preference of the child who seemed to be intelligent and capable of exercising sound judgment, and, therefore, his choice of parent was given significant credence by the trial judge. Although the trial judge did not discuss all of the facts set forth in *Pettinato v. Pettinato*, 582 A.2d 909 (R.I.1990), he implicitly considered such factors as the interaction of the child with the parents and siblings, his adjustment to home, school, and community, and the mental and physical health of all individuals involved. He considered the father to be the more effective parent, but he granted to the mother reasonable rights of visitation and directed the father to encourage visitation by the mother. In so deciding the trial judge committed no error.

The defendant contends that the trial judge did not act fairly in distributing the marital assets. Nevertheless, the husband indicates that the wife received approximately 70% of the marital assets. It is true that the husband had expended certain marital assets in defending himself on a criminal charge of rape that had been proffered against him by the defendant. The trial judge found as a fact that no rape had occurred. The trial judge also was aware that the husband had expended $19,000 in marital assets to pay bills for both parties and to pay lawyer's fees. We are of the opinion that the judge did not err in distributing the marital assets as they existed at the time of trial as opposed to debiting marital assets that were no longer in existence. On the totality of circumstances, the trial judge committed no error in his distribution of the marital assets. He did not overlook or misconceive material evidence. *Thompson v. Thompson*, 642 A.2d 1160, 1162 (R.I.1994).

For the reasons stated, the defendant's appeal is denied and dismissed. The decision entered by the trial judge is affirmed.